UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

**TIMOTHY R. HOTT, ESQ. (6729)**
**LAW OFFICES OF TIMOTHY R. HOTT , P.C.**
100 Challenger Rd. - Suite 402
Ridgefield Park, New Jersey 07660
T: (201)994-0400; F: (631) 980-3650
Email: timhott@gmail.com: NJ Bar Id#015401974
Attorney for the Plaintiffs

| | |
|---|---|
| Sheet Metal Workers Local Union No. 22, Sheet Metal Workers Local 22 Welfare, Pension, Annuity, Education and the Boards of Trustees thereof<br><br>*Plaintiff(s)*<br><br>vs.<br><br>The Tyler Group, Inc.<br>1812 Front Street<br>Scotch Plains, New Jersey 07076<br><br>*Defendant(s)* | <u>CIVIL ACTION</u><br><br>CIVIL ACTION NO.<br><br><br><br>**<u>COMPLAINT</u>** |

PLAINTIFFS, Sheet Metal Workers Local Union No. 22, Sheet Metal Workers Local 22 Welfare, Pension, Annuity and Education Funds and the Boards of Trustees thereof, having their principal offices at 106 South Avenue, Cranford, Union County, New Jersey, complaining of the Defendant, The Tyler Group, Inc., whose principal offices are located at 1812 Front Street, Scotch Plains, Union County, New Jersey 07076, say:

## THE PARTIES

1. Plaintiffs, Sheet Metal Workers Local 22 Welfare, Pension, Annuity and Education Funds and the Boards of Trustees thereof, each are trusts or parts of trusts established pursuant to Sections 302(C)(5) of the National Labor Relations Act, as amended (29 U.S.C. 186 (C)(5)), and pursuant to E.R.I.S.A., 29 U.S.C. 1001, et seq. for the purpose of providing pension, welfare and annuity and other benefits for employees of employers covered by the provisions of a collective bargaining agreement between the Sheet Metal Workers Local Union No. 22 (hereinafter "Union") and such employers signed to collective bargaining agreements with said Union or by virtue of said employer's having given collective bargaining authority to the Sheet Metal Contractors' Association of Union, Morris, Somerset and Sussex Counties, New Jersey Chapter, Inc. (Association). The Boards of Trustees of the Funds consist of an equal number of Union and Employer representatives appointed by their respective appointing entities to administer said Funds.

2. Plaintiff, Sheet Metal Workers Local Union No. 22 ("Union") is an unincorporated labor organization which is the exclusive collective bargaining representative of employees of employers who are parties to a collective bargaining agreement with the Sheet Metal Contractors' Association of Union, Morris, Somerset and Sussex Counties, New Jersey Chapter, Inc. (Association) which Association is the collective bargaining representative of employers of

employees represented by the Union.

3. Defendant, is an employer who employs employees who are represented by the Union.  Defendant is bound to the current collective bargaining agreement between the Union and the Association as described in paragraph #1, above.

## JURISDICTION

4. Jurisdiction of this Court is invoked in this matter under 29 U.S.C. 185,  29 U.S.C. 1145 of ERISA 29 U.S.C. 1001 et seq., and under 28 U.S.C. 1331.

5. Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due said Funds and their procedures for verifying the accuracy of the contributions made to said Funds by contributing employers such as the defendant.

## FIRST COUNT

6. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth in full herein.

7. 29 U.S.C. Section 1145 requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts.

8. 29 U.S.C.A. Section 1145 requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain

specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts.

9. The procedure established by the Trustees of each of the respective Trusts require that Employers remit payments on account of such employer's employees by the twentieth day following the end of each calendar month for the amounts due and accrued as owing for the preceding month.

10. From July 1, 2018 through September 30, 2018, defendant failed to remit payments to any of the aforesaid plaintiffs.   Defendant is delinquent in the payment of monies due to the plaintiff in the estimated amount of $59,164.53 for that period.

11. Defendant may also be indebted to plaintiffs for additional sums unpaid and accruing as delinquent during the pendency of this cause of action.

12. In accordance with the applicable provisions of the Employees Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), the ERISA plaintiffs are entitled to interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages at the rate of 20% of the principal sum due said ERISA funds, reasonable attorney's fees, together with costs of suit.

**WHEREFORE**, plaintiffs demand judgment against the defendants:

(a) For the entry of judgment in an amount equal to the principal sum due and owing to the ERISA plaintiffs at the time judgment is entered, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages

      in the amount of 20% of the principal sum due, reasonable attorneys fees, costs of suit and such other relief as is deemed equitable and just.

  (b)    For the entry of judgment in an amount equal to the principal sum due and owing all non-ERISA plaintiffs at the time judgment is entered, plus interest, costs and such other and further relief as the Court deems equitable and just under the circumstances.

## SECOND COUNT

13. Plaintiffs repeats and reallege every paragraph of the First Count as if the same were set forth at length herein.

14. The collective bargaining agreement between the Union and Association requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trusts Agreements and the procedures specified by the Trustees of the respective Trusts.

15. The procedure established by the Trustees of each of the respective Trusts require that Employers remit payments on account of such employer's employees weekly.

16. From July 1, 2018 to September 30, 2018, defendant failed to remit payments to any of the aforesaid plaintiffs. Defendant is delinquent in the payment of monies due to the plaintiff in the estimated amount of $59,164.53 for that period.

17. Defendant may also be indebted to plaintiffs for additional sums unpaid and accruing as delinquent during the pendency of this cause of action.

18. In accordance with the applicable provisions of the Employees Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), the ERISA plaintiffs are entitled to interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages at the rate of 20% of the principal sum due said ERISA funds, reasonable attorney's fees, together with costs of suit.

WHEREFORE, plaintiffs demand judgment against the defendants:

(a) For the entry of judgment in an amount equal to the principal sum due and owing to the ERISA plaintiffs at the time judgment is entered, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys fees, costs of suit and such other relief as is deemed equitable and just.

(b) For the entry of judgment in an amount equal to the principal sum due and owing all non-ERISA plaintiffs at the time judgment is entered, plus interest, costs and such other and further relief as the Court deems equitable and just under the circumstances.

## **THIRD COUNT**

19. Plaintiffs repeat and reallege each and every paragraph of the preceding counts as if set forth in full herein.

20. The collective bargaining agreement between the parties also requires that Defendant deduct certain moneys, pursuant to employee authorization, from the wages of employees and forward same to the Union for dues and assessments owed to the Union by employees of the Defendant who are members of and represented by Plaintiff Union.

21. The collective bargaining agreement between the parties also requires that Defendant deduct certain moneys from the wages of employees and forward same to the Union for Vacation Pay for employees of the Defendant who are members of and represented by Plaintiff Union.

22. The collective bargaining agreement between the parties also requires that Defendant deduct, pursuant to employee authorization, certain moneys from the wages of employees and forward same to the Union for employee contributions to the Political Action Committee by employees of the Defendant who are members of and represented by Plaintiff Union.

23. Defendant has deducted money from the wages paid to employees who are members of and represented by Plaintiff Union, pursuant to employee authorization, but has failed and refused to forward and pay over any of the money which it has deducted from the employees' wages.

24. The Defendant's failure and refusal to forward and pay over any of the money which it has deducted from the employees' wages constitutes unlawful conversion.

25. The Defendant's failure and refusal to forward and pay over any of the money which it has deducted from the employees' wages constitutes a breach of the terms and conditions of the collective bargaining agreement between the Plaintiff Union and Defendant.

26. For the period from July 1, 2018 through September 30, 2018, Defendant has deducted the estimated sum of $8,809.42 from the wages of employees who are members of and represented by the Plaintiff Union but has unlawfully failed and refused to forward same to Plaintiff Union causing said Plaintiff to suffer actual monetary damages of the estimated sum of $8,809.42.

27. During the pendency of this cause of action Defendant will incur additional liability to the Plaintiff Union for additional sums deducted from wages of employees and not forwarded by Defendant as required by the collective bargaining agreement.

**WHEREFORE,** Plaintiffs demand judgment against Defendant in sum of $8,809.42 on this Count and such additional and other sums as may accrue as due and owing from Defendant to Plaintiff Union during the pendency of this cause of action; and Plaintiffs further demand judgment for such other and further relief as the Court deems equitable and just under the circusmstances.

### **FOURTH COUNT**

37. Plaintiffs repeat and reallege each and every paragraph of the preceding counts as if set forth in full herein..

38. In addition to the amounts due and owing from defendant to plaintiffs as set forth above, there may be due and owing additional sums as may be determined by further contribution compliance audit of defendants books and records.

**WHEREFORE**, the Plaintiffs demand judgment against the defendant;

(a) Ordering defendants to permit Plaintiffs' authorized representative to audit defendant's books and records for such period of years immediately as Plaintiffs' deem necessary and advisable for the purpose of determining the accuracy and correctness of contributions made by each defendant to Plaintiffs on behalf of each defendant's employees. pursuant to the applicable collective bargaining agreement;

(b) Awarding Plaintiffs additional reasonable attorneys fees and costs for this count of their cause of action;

(c) Such other and further relief as the Court deems equitable and just under the circumstances.

Date: July 15, 2020   **S/TIMOTHY R. HOTT**
TIMOTHY R. HOTT